TICHENOR, Acting Administrator, etc., Plaintiff-Appellant, v. BOARD OF REVIEW, Bureau of Unemployment Compensation, Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24025. Decided March 11, 1957.

**472**

William Saxbe, Atty. Genl., John W. Hardwick, L. L. Yancey, Asst. Attys. Genl., for appellant.

William Saxbe, Atty. Genl., Edward L. Sepessy, Asst. Atty. Genl., for appellee—Board of Review, B. U. C.

Jones, Day, Cockley & Reavis, for appellee—Chevrolet-Cleveland Div., General Motors Corp.

(HUNSICKER, PJ, STEVENS and DOYLE, JJ, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By DOYLE, J:

William T. McClung sought unemployment compensation benefits by virtue of a claimed statutory right. The acting administrator of the Bureau of Unemployment Compensation ruled in claimant's favor, and stated that he was not subject to disqualification under §4141.29 (C) (1) R. C.. by virtue of claimant's reason for separation of service with the Chevrolet-Cleveland Division of General Motors Corporation.

The question of disqualification then came on for decision by the Board of Review, Bureau of Unemployment Compensation, and, pursuant to a hearing, this Board ruled contrary to the decision of the administrator. Thereupon the question came on for hearing in the Court of Common Pleas of Cuyahoga County, which court affirmed the decision of the Board of Review. From the judgment there entered, the administrator has appealed to this court, and we are asked to reverse the judgment of the Court of Common Pleas and allow the claimant compensation benefits.

It appears the claimant was employed by the General Motors Corporation from September 5, 1952, through February 26, 1953, and then quit to accept, according to his testimony, "better employment with the (Nickel Plate) Railroad."

He worked for the railroad for some months in the Cleveland area, and then, on December 14, 1953, while residing in West Virginia, applied to the West Virginia Department of Security for unemployment compensation benefits, and stated that he had been "laid off" by the railroad. The West Virginia Department referred the claim to the Ohio

Bureau of Unemployment Compensation, and it was there allowed. The benefits awarded were charged to the account of General Motors Corporation.

It is provided under §4141.29 (C) (1) R. C., that no individual shall be paid benefits for the duration of any period of unemployment when it is established that such person has "Quit his work without just cause or has been discharged for just cause in connection with his work, provided * * * this section does not apply to the separation of a person from employment for the purpose of entering the armed forces of the United States * * *."

It is asserted inter alia that the claimant quit the General Motors Corporation "without just cause," as that term is used in the act, and is therefore not entitled to the benefits of the act. On the contrary, the claimant asserts that he is saved by the last sentence of §4141.30 (E) R. C., to wit:

"In the event that an individual quits his work to accept full time employment pursuant to an actual bona fide offer of employment from another employer and is paid wages by such employer equal to ten times his weekly benefit amount, no disqualification shall apply under this section as a result of such quitting."

It is the law that, if the claimant quit General Motors Corporation without just cause, then that company's unemployment compensation account could not be charged for any benefits to the claimant. Secs. 4141.30 (E), and 4141.24 R. C.

We now proceed to analyze the term "just cause," in respect to the "quit" of the complainant and his new work with the railroad.

In the statute, the legislature has defined carefully its meaning of the word "employment." It has specified not only situations and conditions which the word "employment" includes, but has likewise spelled out situations which are not included in the meaning of the word.

In §4141.01 (B) (2) (j) R. C., may be found the pronouncement that the word "employment," as used in the act, does not include:

"Service, performed after June 30, 1939, with respect to which unemployment compensation is payable under the act of congress approved June 25, 1938, and known as the 'Railroad Unemployment Insurance Act,' and service with respect to which benefits are payable under an unemployment compensation system for maritime employees established by an act of congress."

While it is undoubtedly a fact that the claimant quit his employment with General Motors Corporation pursuant to a bona fide offer of work with the railroad, and his wages with the railroad were equal to ten times his weekly benefit amount, nevertheless, the word "unemployment," as used in §4141.30 (E) R. C., above, does not mean unemployment with an employer such as the Nickel Plate Railroad, which is subject to the Railroad Unemployment Insurance Act. Sec. 4141.01 (B) (2) (j) R. C.

It thus appears that, when claimant quit his employment to accept a job with the railroad, he quit without just cause, because he did not quit to accept employment from another employer as the term "employment" has been defined in the statute.

474

As stated by a member of the Board of Review in a former case:

"The legislature has * * * provided that the claimant who quits one job to accept another forfeits his right to use wage credits earned in said employment unless and until he can fulfill certain conditions therein specified."

The judgment of the Court of Common Pleas will be affirmed for the reason (stated by the appellee) that no charge can be made against General Motors' unemployment compensation account for benefits to the claimant, because claimant's voluntary quit from General Motors Corporation to work for the Nickel Plate Railroad was without just cause under the act, and was not saved by the last sentence of §4141.30 (E) R. C., since work for the railroad was not "employment" within the meaning of the act.

Judgment affirmed.

HUNSICKER, PJ, STEVENS, J, concur.